# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| JAMES OLIVE, | § | |
| Plaintiff | § | CA No._____ |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| RLJ LODGING TRUST L.P. d/b/a | § | |
| COURTYARD BY MARRIOTT | § | |
| HOUSTON GALLERIA; | § | |
| RLJ II – C HOUSTON GALLERIA, L.P.; | § | |
| MARRIOTT INTERNATIONAL, INC.; *and* | § | |
| WHITE LODGING SERVICES | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      Plaintiff, James Olive ("Olive" or "Plaintiff") files this complaint against Defendants, RLJ Lodging Trust L.P. d/b/a Courtyard by Marriott Houston Galleria ("Courtyard"), RLJ II – C Houston Galleria, L.P. ("RLJ II"); Marriott International, Inc. ("Marriott"), and White Lodging Services Corporation ("White Lodging") (collectively, "Defendants"), and alleges:

### JURISDICTION/VENUE

2.      Olive's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the "Copyright Act"), and 17 U.S.C. §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

3.      Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

4.     Plaintiff is a citizen of Texas engaged in the business of professional photography who resides in and has a principal place of business in Houston, Harris County, Texas.

5.     Courtyard is a limited partnership organized under the laws of the State of Delaware, registered with and actively doing business in the State of Texas, with a principal office in Houston, Texas. RLJ Lodging will receive actual notice of this suit by service upon its registered agent Corporation Creations Network, Inc. at 2425 W. Loop South, Suite 200, Houston, TX 77027, or at its principal place of business at 2900 Sage Road, Houston, TX 77056.

6.     RLJ II is a limited partnership organized under the laws of the State of Delaware, registered with and actively doing business in the State of Texas, with a principal office in Houston, Texas. RLJ II will receive actual notice of this suit by service upon its registered agent Corporation Creations Network, Inc. at 5444 Westheimer, Suite 1000, Houston, TX 77056, or at its principal place of business at 2900 Sage Road, Houston, TX 77056.

7.     Marriott is a corporation organized under the laws of the State of Delaware, registered with and actively doing business in the State of Texas, with its principal office in Bethesda, Maryland. Marriott is the parent company of Courtyard and RLJ II and will receive actual notice of this suit by service upon its registered agent in Texas, C.T. Corporation System at 1999 Bryant Street, Suite 900, Dallas, TX 75201, or at its principal place of business at 10400 Fernwood Road, Bethesda, MD 20817.

8.     White Lodging is a corporation organized under the laws of the State of Indiana, actively doing business in the State of Texas, with its principal office in Merrillville, Indiana. Upon information and belief, during the relevant period of time, White Lodging owned, developed, and/or managed

Courtyard by Marriott Houston Galleria. It will receive actual notice of this suit by service upon its registered agent, CT Corporation System, 333 North Senate Avenue, Indianapolis, Indiana 46204, or at its principal place of business at 701 East 83rd Avenue, Merrillville, Indiana 46410.

## **INTRODUCTORY FACTS**

9.    Olive is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain photographs protected by Registration Number VAu 677-261 issued on November 18, 2005 by the U. S. Registrar of Copyrights in Washington, D.C.  (**Exhibit 1**). Photograph "PFOT1003," which depicts children playing in the fountain at the Houston Aquarium, with the Houston skyline as a backdrop (the "Aquarium Fountain Image") is the work at issue in this case (**Exhibit 2**). Olive also registered the Aquarium Fountain Image with the U.S. Copyright Office, and received Registration Number VA 2-010-923. (**Exhibit 1**). Olive has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyrights to the said photograph.

10.    Olive's copyrights in the above-described work are presently valid and subsisting and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

## **INFRINGEMENT FACTS**

11.    In September of 2018, Olive first discovered that the Aquarium Fountain Image was being used – without license or other authorization – on Defendants' website, www.marriott.com – being used to advertise, market, or otherwise promote the hotel Courtyard by Marriott Houston Galleria, as follows:

a. http://www.marriott.com:80/hotels/phot-tours.mi?marshaCode=hougc&pageID=HWARI&imageID=5; *and*

b. http://www.marriott.com:80/hotels/hotel-photos/hougc-courtyard-houston-by-the-galleria

(**Exhibit 3**).

12.     When Olive checked his records, he found that he had never licensed the copyright-protected work to any of the named Defendants.

13.     As is his pattern and practice, Olive had clearly marked the Aquarium Fountain Image with his copyright management information ("CMI") - in legible captions just to the side of the Image. The visible CMI always includes a "©" or the word "Copyright" in the notices of copyright and "Jim Olive." Olive does all this to distinguish his works from others, as well as to ensure that people who view his works appreciate that Olive owns all rights and title to them. On information and belief, one or more of the Defendants, or a third party at their direction and behest (discovery will reveal which), violated the DMCA by removing Olive's CMI, and then by distributing the Image knowing that Olive's CMI had been removed.

14.     Olive engaged the undersigned Counsel who demanded that Defendants cease and desist their unauthorized use of his work, and provide information (**Exhibit 4**)**.** Despite multiple attempts over several months, Olive and his Counsel have been unable to resolve his claims with the infringer/defendants. Thus, this suit became necessary.

## CAUSES OF ACTION

## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

15.     Olive re-alleges and incorporates, as if set forth herein, paragraphs 1 through 14 above.

16.     Defendants have infringed Olive's copyrights in and to the above-described Image by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said Image within the United States in violation of the copy rights of Title 17.

17.     Upon information and belief, Defendants have benefitted from their infringements of the Aquarium Fountain Image, while Olive has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the work in the marketplace; therefore, Olive is entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT II – WILLFUL COPYRIGHT INFRINGEMENT

18.     Olive re-alleges and incorporates, as if set forth herein, paragraphs 1 through 14 above.

19.     Alternatively, Defendants willfully infringed Olive's copyrights in and to the above-described Image by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said Image within the United States in violation of Title 17.

20.     Because Olive's Image, when published, prominently displayed his CMI in the caption of the Image, and because, upon information and belief, they are well-versed in intellectual property and rights management – upon information and belief, Defendants were on notice that the Aquarium Fountain Image was copyright-protected, yet infringed the Image anyway.

21.     Upon information and belief, Defendants have benefitted from their infringements of the Image, while Olive has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Olive is entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT III
## VIOLATION(S) OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

22.     Olive re-alleges and incorporates, as if set forth herein, paragraphs 1 through 21 above.

23.     As is his pattern and practice, Olive clearly marked the Aquarium Fountain Image with his CMI - in legible captions just below the images. The visible CMI always includes a "©" or the word "Copyright" in the notices of copyright, as well as the name "Jim Olive." Olive does all this to distinguish the Aquarium Fountain Image from others, as well as to ensure that people who view his Image appreciates that Olive owns all rights and title to them. On information and belief, one or more of the Defendants, or a third party at their direction and behest (discovery will reveal which), violated the DMCA by removing Olive's CMI, and by distributing copies of the Image knowing that the CMI had been removed.

24.     In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants (or a third party at their behest) intentionally removed and/or omitted Olive's CMI from the Image.

25.     On information and belief, Defendants distributed copies or derivatives of the work knowing that Olive's CMI had been removed or omitted without authorization.

26.     On information and belief, at the time Defendants removed the CMI from copies of the work, and at the time they distributed copies of the works from which the CMI had been removed or omitted, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Olive's copyrights.

27.     Olive is entitled and seeks to recover statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of 17 U.S.C. §1202.

28.     Pursuant to 17 U.S.C. §1203(b)(5), Olive is entitled and seeks to recover his reasonable attorney's fees.

**COUNT IV**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

29.     Olive re-alleges and incorporates, as if set forth herein, paragraphs 1 through 28 above.

30.     Alternatively, Marriott and/or White Lodging have intentionally, induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or have refused to exercise their right and/or ability to stop the infringement(s) after they began.

31.     On information and belief, Marriott and/or White Lodging controlled nearly all decisions of Courtyard and/or RLJ II, and were the dominant influence in the companies. Upon information and belief, Marriott and/or White Lodging provided hands-on decision making with respect to the activities of the companies, making most of the decisions. Marriott and/or White Lodging therefore had the right and ability to supervise and/or control the infringing conduct of Courtyard and/or RLJ II and/or to stop the infringements once they began. Upon information and belief, Marriott and/or White Lodging had obvious and direct financial interests in the infringing activities of Courtyard and/or RLJ II.

## COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT

32.     Olive re-alleges and incorporates, as if set forth herein, paragraphs 1 through 31 above.

33.     Pleading further but without waiver of the foregoing, upon information and belief, Olive shows that at the time they performed the infringing acts, Marriott was the parent company of Courtyard and of RLJ II.

34.     On information and belief, Marriott controlled nearly all decisions of Courtyard and/or RLJ II, and was the dominant influence in the companies. Upon information and belief, Marriott provided hands-on decision making with respect to the activities of the companies, making most of the decisions. Marriott therefore had the right and ability to supervise and/or control the infringing conduct of Courtyard and/or RLJ II and/or to stop the infringements once they began. Upon information and belief, Marriott had obvious and direct financial interests in the infringing activities of Courtyard and/or RLJ II.

35.     Accordingly, Marriott is liable to Olive as joint and/or contributory infringers, or are otherwise vicariously liable for the infringing activities of Courtyard and/or RLJ II.

## CAUSATION/DAMAGES

36.     As a direct and proximate result of the above-described acts of copyright infringement and DMCA violations, Olive has sustained actual damages in an amount not yet ascertained, but which is believed to be in excess of $50,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, dilution of the market value of the work, disgorgement of Defendants' profits attributable to their infringements, statutory damages, and research time tracking-down and documenting the infringements. In addition to damages for copyright infringement, Olive seeks recovery of DMCA penalties as set out in paragraph 26 above.

## RELIEF REQUESTED

37.   Olive demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the above-described and attached works, as well as their gross profits and income derived therefrom.

38.   Olive is entitled and seeks to recover actual damages plus the profits of Defendants attributable to the infringements.

39.   Alternatively, at Olive's election, because the image was registered prior to Defendants' infringements, Olive is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus costs, including expert witnesses' and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

40.   Olive is also entitled to recover, and therefore seeks the recovery of actual damages and any additional profits of Defendants for their violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

41.   Alternatively, at Olive's election, pursuant to 17 U.S.C. §1203(c)(3)(B), Olive is entitled to and seeks to recover statutory damages under the DMCA not less than $2,500 and not exceeding $25,000 for each act committed by Defendants in violation of 17 U.S.C. §1202, plus Olive's Lodestar attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

**OLIVE DEMANDS JUDGMENT AS FOLLOWS:**

42.   That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Olive's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his photographic images, and from using his images in sales, marketing, and/or advertising;

43.     That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Olive's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

44.     That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

45.     That Defendants be ordered to pay over to Olive his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Olive's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

46.     In the alternative, at Olive's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 for each of the three Works infringed pursuant to 17 U.S.C. § 504(c); or such other amount as the jury may deem proper;

47.     That in addition to the above, Defendants be ordered to pay over to Olive's actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Olive's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

48.     In the alternative, at Olive's election after verdict, award to Olive the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and for an order of injunction permanently enjoining and prohibiting the Defendants from employing, altering, cropping, mutilating or otherwise utilizing Olive's copyrighted images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

49.     That Defendants be ordered to pay to Olive all of his Lodestar costs including attorney's fees; *and*

50.     That Olive recover judgment for such other and further relief as this court deems just and proper.

**Plaintiff, Olive, demands a jury trial in this cause of action.**

Respectfully submitted,

Dana A. LeJune
TBN: 12188250
NCBN: 49025
Scott M. Francis
TBN: 24088795
1215 North Loop West
Suite 825
Houston, Texas 77008
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net
scott@triallawyers.net